FILED ___ ENTERED
LODGED ___ RECEIVED

APR 10 2009  IS

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

09-CV-00491-CMP

No Iss. Sea 25303

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK HOVILA,

               Plaintiff,

v.

TWEEN BRANDS, INC.,

               Defendant.

No. **C09 0491** RSL

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

TO: The Honorable Judges of the United States District Court for the Western District of Washington at Seattle

     Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, defendant Tween Brands, Inc. hereby removes the above-captioned action from the Superior Court of Washington for King County to this Court on the grounds of diversity of citizenship. The following statement is submitted in accordance with 28 U.S.C. § 1446:

## I. BACKGROUND

     1.    Tween Brands, Inc. ("Tween Brands") is a Delaware corporation doing business in the State of Washington.

     2.    Plaintiff Mark Hovila ("Hovila") is a resident of the City of Lake Forest Park, Washington. Hovila commenced this action individually and as class representative of a class of similarly situated individuals against Tween Brands in the Superior Court of Washington

NOTICE OF REMOVAL OF CIVIL ACTION TO
FEDERAL COURT - 1

124123.0001/1693737.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

1   for King County (now pending as Case No. 09-2-11996-1). Plaintiff's Complaint for
2   Damages, Injunctive and Declaratory Relief was filed on March 11, 2009.

3.   Plaintiff's Complaint purports to assert claims against Tween Brands for violations of 47 U.S.C. §227(b)(1)(B), RCW 80.36.400, and the Washington Consumer Protection Act ("CPA"), RCW 19.86 et seq. Plaintiff alleges that the purported class exceeds 1,000. A true and correct copy of the Summons and Complaint is attached to the Declaration of Grant S. Degginger as Exhibit A.

4.   Defendant's registered agent, CT Corporation, was served with the Summons and Complaint on March 12, 2009, and the proof of service is attached to the Degginger Declaration as Exhibit B.

## II. STATUTORY REQUIREMENTS—CLASS ACTION FAIRNESS ACT

5.   In 2005, Congress enacted the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA"), in response to a concern that, "[o]ver the last decade, there have been abuses of the class action device that have ... harmed class members with legitimate claims and defendants that have acted responsibly ... and undermined public respect for our judicial system." Pub.L. 109-2, § 2(a)(2). Congress recognized that these abuses "undermine the National judicial system, the free flow of interstate commerce, and the concept of diversity jurisdiction as intended by the framers of the United States Constitution, in that State and local courts are keeping cases of national importance out of Federal court; [and] sometimes acting in ways that demonstrate bias against out-of-state defendants; ..." *Id.*, §2(a)(4).

6.   CAFA was intended to help correct these abuses by "restor[ing] the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction." Pub.L. 109-2, § 2(b)(2). Accordingly, under CAFA, district courts "shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which ... any member of a class of plaintiffs is a

NOTICE OF REMOVAL OF CIVIL ACTION TO
FEDERAL COURT - 2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

124123.0001/1693737.1

1  citizen of a State different from any defendant … ." For purposes of determining whether the amount in controversy requirement is met, "claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6).

7. Although Defendant denies that Plaintiff will ever be able to satisfy the standards for class certification, the King County Action satisfies CAFA's jurisdictional requirements. To begin, the King County Action satisfies the minimum diversity required by CAFA. Plaintiff, upon information and belief, is a citizen of Washington. By contrast, Tween Brands is a citizen of Delaware and Ohio. Accordingly, at least one member of the proposed class is a citizen of a state different than the Defendant.

8. Plaintiff's Complaint does not allege a total aggregate sum or value for all claims asserted by Plaintiff on behalf of itself and all putative class members. However, based on the allegations of the Complaint, including the specific claims asserted by Plaintiff, Defendant has a good-faith belief that the matter in controversy exceeds the sum or value of $5,000,000, and thus satisfies 28 U.S.C. § 1332(d)(2). Defendant's belief that the matter in controversy exceeds the sum or value of $5,000,000 is based on the following:

   a. Plaintiff's proposed class presumably covers a class period commensurate with the statute of limitations for CPA claims (from December, 2008, when the call alleged in the Complaint took place) and alleges upon information and belief that the Class exceeds 1,000. *See* Complaint at ¶4.3. The number of Tween Brands customers who have voluntarily provided their phone numbers to the company exceeds 10,000. Declaration of Bryan Morrow.

   b. Plaintiff contends that Defendant's alleged violations of the CPA caused Plaintiff and all other similarly situated in the putative class "incidental statutory damages of $500 per message" that should be trebled, along with costs of suit and attorneys fees. Complaint, ¶ 3.16; V.C.

NOTICE OF REMOVAL OF CIVIL ACTION TO
FEDERAL COURT - 3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

124123.0001/1693737.1

c. Under Washington law, if Plaintiff were to prevail, the CPA permits an award of treble damages of up to $10,000 to Plaintiff, as well as all represented class members who suffered actual damages. *See Smith v. Behr Process Corp.*, 113 Wn. App. 306, 345-46, 54 P.3d 665 (2002).

d. While Defendant vehemently denies that it violated the CPA, and specifically denies the claims made by plaintiff will satisfy the requirements of Rule 23 or that any putative class member is entitled to recover monetary or statutory damages in any amount, based on Plaintiff's allegation that "more than one thousand" class members may be entitled to damages, trebled "up to $10,000 per violation," Defendant has a good-faith basis to believe that the amount in controversy exceeds CAFA's $5,000,000 requirement. *See Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008) ("Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met.").

### III. NO CAFA EXCEPTIONS APPLY

9. Although Defendant denies that it is its burden to show that CAFA's exceptions to jurisdiction apply, none do. As discussed above, Plaintiff is a resident of Washington but Defendant is not a Washington resident. Plaintiff has not limited class membership to Washington residents. Based on the Plaintiff's Complaint, Defendant has a good faith belief that the exceptions set forth in 28 U.S.C. § 1332(d)(3) do not apply.

10. Next, the "home-state" exceptions set forth in 28 U.S.C. § 1332(d)(4)(A) & (B) do not apply. Section 1332(d)(4)(A) applies where two-thirds of the members of the proposed class share citizenship with at least one defendant (a) "from whom significant relief is sought," (b) "whose alleged conduct forms a significant basis for the claims asserted by the plaintiff class," and (c) "who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A). Likewise, Section 1332(d)(4)(B) applies where two-thirds of the

NOTICE OF REMOVAL OF CIVIL ACTION TO
FEDERAL COURT - 4

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

124123.0001/1693737.1

members of the proposed class and all the "primary defendants" are citizens of the forum state. 28 U.S.C. § 1332(d)(4)(B).

### IV. PROCEDURAL REQUIREMENTS

11.  This Notice of Removal is timely filed within thirty (30) days from the date on which the Summons and Complaint was served and removable pursuant to 28 U.S.C. § 1446(b).

12.  This Court is the United States District Court for the district and division within which plaintiff's action, King County Superior Court Cause No. 09-2-11996-1 SEA is pending. *See* 28 U.S.C. § 1441(a).

13.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(a). The claims asserted in the Complaint arose in this district, and defendant does business in this district.

Therefore, defendant gives notice that Cause No. 09-2-11996-1 SEA, now pending against it in the Superior Court of Washington for King County, has been removed therefrom to this Court.

DATED this 10th day of April, 2009.

LANE POWELL PC

By _____
Grant S. Degginger, WSBA No. 15261
Barbara J. Duffy, WSBA No. 18885
Attorneys for Defendant Tween Brands, Inc.

NOTICE OF REMOVAL OF CIVIL ACTION TO
FEDERAL COURT - 5

124123.0001/1693737.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107