THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK HOVILA,<br><br>                Plaintiff,<br><br>v.<br><br>TWEEN BRANDS, INC.,<br><br>                Defendant. | No. C09-491 RSL<br><br>**DEFENDANT'S MOTION FOR 28 U.S.C. § 1292(b) CERTIFICATION AND STAY OF PROCEEDINGS PENDING APPEAL**<br><br>**NOTE ON MOTION CALENDAR: MAY 7, 2010** |

## I. RELIEF REQUESTED

Tween Brands, Inc. ("Tween") moves for: (1) certification of this Court's April 7, 2010 order denying summary judgment on Plaintiff's state law claims for interlocutory appeal under 28 U.S.C. § 1292(b), and (2) a stay of all further proceedings in this Court pending the filing of a request for permission to appeal in the U.S. Court of Appeals for the Ninth Circuit, the disposition of that request, and the disposition of any appeal.

Certification for interlocutory appeal is warranted. The Court's order denying summary judgment on Plaintiff's state law claims involves controlling questions of law concerning whether the Telephone Consumer Protection Act (the "TCPA") preempts Plaintiff's state law claims and whether the TCPA should serve as a guide in interpreting

DEFENDANT'S MOTION FOR 28 U.S.C. § 1292(b)
CERTIFICATION AND STAY OF PROCEEDINGS
PENDING APPEAL - 1

124123.0001/1836842.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Washington's Automatic Dialing and Answering Devices Act (the "ADADA"). There is substantial ground for difference of opinion on these questions, and an immediate appeal from the Court's order will materially advance the ultimate termination of this litigation.

A stay of further proceedings in the Court pending the filing of a request for permission to appeal, the disposition of that request, and the disposition of any appeal permitted by the appellate court is appropriate because such a stay will conserve judicial and litigation resources and will not unduly prejudice any party.

This Motion is based the pleadings and records on file in this action.

## II.   BACKGROUND

Plaintiff filed his Complaint against Tween in March of 2009, alleging that he received a pre-recorded telephone call from the Defendant in violation of the TCPA, the ADADA, the Washington Consumer Protection Act, RCW 80.36.400, and the Washington Declaratory Judgment Act, RCW 7.24.010. Complaint at ¶¶ 3.1-3.18. Tween then moved for summary judgment on September 10, 2009. (Dkt. No. 11).

Under the TCPA and the regulations promulgated by the Federal Communications Commission ("FCC") under the TCPA's authority, interstate automatic calls made either (1) with "prior express consent of the called party," or (2) "within the eighteen (18) months immediately" following an "established business relationship" ("EBR") are not prohibited, and no sanctions apply under either of those conditions. 47 U.S.C. § 227(b)(1)(B); 47 C.F.R. § 64.1200(f)(4). Because this Court expressly found that Plaintiff had an EBR with the Defendant, it granted summary judgment on Plaintiff's TCPA claim in its April 7, 2010 order. Dkt. No. 49, p. 9. As a result, Plaintiff's TCPA claim has been completely adjudicated. *Id.*

Washington's ADADA, on the other hand, prohibits unsolicited automatic calls for the purpose of commercial solicitation even where the defendant has an EBR with the plaintiff. RCW 80.36.400(2). Although Defendant argued that the TCPA preempts the ADADA and that Plaintiff's state law claims were therefore barred, this Court found otherwise. Dkt. No.

DEFENDANT'S MOTION FOR 28 U.S.C. § 1292(b)
CERTIFICATION AND STAY OF PROCEEDINGS
PENDING APPEAL - 2

124123.0001/1836842.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

49, p. 21. This Court further found that the TCPA should not be used to interpret the ADADA and that, as a result, the TCPA's interpretation of "unsolicited" is inapplicable. *Id.*, p. 22. Accordingly, this Court was unable to find that Plaintiff consented to receiving Defendant's calls and denied summary judgment on Plaintiff's state law claims. *Id.*, p. 23. Defendant now respectfully requests that the Court certify its order denying summary judgment on Plaintiff's state law claims for interlocutory appeal under 28 U.S.C. § 1292(b).

### III. ARGUMENT

**A.   This Court Should Certify its Order Denying Summary Judgment on Plaintiff's State Law Claims for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b).**

The Court's order denying summary judgment on Plaintiff's state law claims satisfies all the requirements of 28 U.S.C. § 1292(b). The order: (1) involves a controlling question of law, (2) on which substantial ground for difference of opinion exists, and (3) the resolution of which will materially advance the termination of the litigation.

1. The Court's Order Involves a Controlling Question of Law Concerning Whether the Telephone Consumer Protection Act Preempts Plaintiff's State Law Claims.

Courts assess whether an order involves a "controlling question of law" by examining whether immediate appellate review could "avoid protracted and expensive litigation" and "materially affect the eventual outcome of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026-27 (9th Cir. 1982). Further, the issue must be a "pure question of law, not a mixed question of law and fact or an application of law to a particular set of facts." *Marsall v. City of Portland*, No. CV-01-1014-ST, 2004 WL 1774532, *2 (D. Or. 2004) (citations omitted).

Under this standard, the Court's order denying summary judgment on the state law claims patently involves controlling questions of law. Because this Court has already granted summary judgment on Plaintiff's TCPA claim, a Ninth Circuit reversal of this Court's order on preemption would dismiss Plaintiff's action in its entirety. Or, if the Ninth

DEFENDANT'S MOTION FOR 28 U.S.C. § 1292(b)
CERTIFICATION AND STAY OF PROCEEDINGS
PENDING APPEAL - 3

124123.0001/1836842.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Circuit finds that the TCPA should be used to interpret the ADADA, which would mean that Plaintiff consented to receiving Defendant's calls, Plaintiff's remaining claims would similarly be dismissed. Thus, an appellate reversal of the Court's decision would terminate the case and avoid "protracted and expensive litigation."

Furthermore, these issues are "pure questions of law" and are not premised on the underlying facts of the case. The facts of Plaintiff's case have no bearing on whether the TCPA preempts the ADADA nor do they bear on whether the TCPA is the appropriate federal guide for interpreting the ADADA. Accordingly, these issues are controlling questions of law.

2.  There is a Substantial Ground for Difference of Opinion.

   a.  *There is Substantial Ground for Difference of Opinion as to Whether the TCPA Preempts the ADADA.*

Section 1292(b) requires the proponent of the appeal to demonstrate a substantial ground for a difference of opinion. *Cement*, 673 F.2d at 1026. Beyond disagreeing with the district court's decision, the proponent must "make some greater showing" that there is a difference of opinion on the legal issue. *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1090 (E.D. Cal. 2008). A substantial ground for difference of opinion is present where there are conflicting opinions within the district courts. *Lucas v. Bell Trans*, No. 2:08-cv-01792-RCJ-RJJ, 2009 WL 333612, *4 (D. Nev. Oct. 14, 2009).

In this case, Defendant can easily demonstrate that there is a substantial ground for difference of opinion concerning the preemptive effect of the TCPA on Plaintiff's state law claims. As this Court stated in its April 7, 2010 order, "[c]ourts that have interpreted the TCPA's savings clause have come to different conclusions." Dkt. No. 49, p. 13. Further, Judge Zilly of this Court noted that "[c]ourts have disagreed" on whether the TCPA preempts the ADADA. *Williams v. MCIMetro Access Transmission Servs.*, No. C08-82TSZ, *see* Tr. of Proceedings, at 74:20.

DEFENDANT'S MOTION FOR 28 U.S.C. § 1292(b)
CERTIFICATION AND STAY OF PROCEEDINGS
PENDING APPEAL - 4

124123.0001/1836842.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Defendant argued in its motion for summary judgment and in its reply to Plaintiff's opposition thereto that "[s]ection 151 of the FCA [Federal Communications Act of 1934], together with the later decisions interpreting the same, generally allocate to the FCC the right to govern interstate telecommunications." *Chamber of Commerce of U.S. v. Lockyer*, No. 2:05-CV-2257MCEKJM, 2006 WL 462482, at *7 (E.D. Cal. Feb. 27, 2006). And, because it is undisputed that the calls were interstate and "states do not have jurisdiction over interstate calls[,]" Plaintiff's state law claims must fail. *Foxhall Realty Law Offices, Inc. v. Telecomms. Premium Servs., Ltd.*, 156 F.3d 432, 437 (2d Cir. 1998) (citing S. Rep. No. 178, 102nd Cong., 1st Sess. 1, 1 (1991), U.S. Code Cong. & Admin. News (1968)).

Defendant further argued that the "ultimate touchstone" of preemption is "the purpose of Congress[,]" and thus this Court must consider whether Congress intended federal law to preempt state law. *Wyeth v. Levine*, 129 S. Ct. 1187, 1194 (2009). Legislative history confirms that states are only permitted to issue regulations for intrastate calls. *See* 137 Cong. Rec. S18, 781-02 (Nov. 21, 1991) (statement of Sen. Hollings) (stating that "pursuant to the general preemptive effect of the [FCA], State regulation of interstate communications, including interstate communications initiated for telemarketing purposes, is preempted.").

Defendant also argued that Plaintiffs' state law claims were expressly preempted by the TCPA, which provides that the states may only promulgate regulations that are more restrictive than those in the TCPA on *intrastate* telephone calls. 47 U.S.C. § 227(e)(1). The ADADA, which is more restrictive than the TCPA in that it fails to provide the EBR exception applicable under the TCPA, is preempted. Moreover, Defendant contended that the ADADA is preempted under conflict preemption, as it not only omits the EBR exception, but it also interferes with the TCPA's intent to promote legitimate business communications.

There is considerable authority to support Defendant's position that the TCPA has a preemptive effect. The *Lockyer* court found that a California regulation, which was substantially identical to Washington's ADADA, was preempted by the TCPA because it

DEFENDANT'S MOTION FOR 28 U.S.C. § 1292(b)
CERTIFICATION AND STAY OF PROCEEDINGS
PENDING APPEAL - 5

124123.0001/1836842.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

unconstitutionally conflicted with congressional purposes in regulating and fostering interstate commerce. 2006 WL 462482, at *8. That court found that the state law was preempted because it omitted the crucial exception provided by the TCPA for telephone calls or fax transmissions to parties having an EBR with the soliciting entity. *Id.*

Further, Washington's Western District has found that the ADADA conflicts with, and is therefore preempted by, the TCPA. *See Williams v. MCIMetro Access Transmission Servs.*, No. C08-82TSZ, Docket Nos. 42, 58, 62, 74. Judge Zilly noted that the ADADA conflicts with the TCPA because the Washington statute omits the EBR exception. *See* Tr. of Proceedings, at 30:18-20. He further found that the TCPA's savings clause is ambiguous and that "the statute is more narrow than the plaintiffs suggest, and ... federal preemption is broader than the plaintiffs would like." *Id.*, at 75:5-6, 78:17-19. Accordingly, Judge Zilly held that the TCPA preempted the state statute. *See id.*, at 65:17-73:21.

On the other hand, this Court in its April 7, 2010 order found that the TCPA does not preempt the ADADA. In contrast to Judge Zilly's opinion, this Court stated that Defendant's interpretation of the federal presence in telecommunications is "too broad." *See* Dkt. No. 49, p. 9. In further divergence from Judge Zilly's opinion, this Court found that the ADADA is "expressly saved from preemption" under the TCPA's savings clause. *Id.* at 14. Similarly, Judge Robart found in *Palmer v. Sprint Nextel Corp.* that the TCPA does not preempt the ADADA, for reasons largely similar to this Court's reasoning. No. C09-1211JLR, 2009 WL 4730851, *7 (W.D. Wash. Dec. 7, 2009).

Accordingly, the district courts in the Ninth Circuit are split as to whether state statutes regulating automatic telephone calls are preempted by the TCPA. Because the Court of Appeals has not ruled on this issue, this case is precisely the type of situation in which section 1292(b) should be utilized. Without appellate guidance, businesses are unclear as to what telephone calls are acceptable and the district courts' dockets continue to be clogged with cases litigating this very issue. Such guidance would also be useful to the Courts in this

DEFENDANT'S MOTION FOR 28 U.S.C. § 1292(b)
CERTIFICATION AND STAY OF PROCEEDINGS
PENDING APPEAL - 6

124123.0001/1836842.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

district where there are many pending cases that are substantially similar to this case, at least three of which are assigned to this Court.[1]

          b.     *There is Substantial Ground for Difference of Opinion as to Whether Courts Should Look to the TCPA to Interpret the ADADA.*

"[A]n issue can be a controlling question of law for which there is a substantial ground for difference of opinion when it is 'difficult and of first impression.'" *Marsall*, 2004 WL 1774532 at *5 (internal citations omitted). The Court's decision that the TCPA should not be used to interpret the ADADA was precisely that—a difficult issue of first impression.

Defendant argued that even if Washington law applied to interstate calls, Plaintiff's consent to receiving calls precluded his claims under Washington law. Washington prohibits "the <u>unsolicited</u> initiation of a telephone conversation for the purpose of encouraging a person to purchase property, goods, or services." RCW 80.36.400(1)(b) (emphasis added). There is no law interpreting the meaning of "unsolicited" under this statute. However, when Washington law is silent, courts look to analogous federal law. *Beal v. City of Seattle*, 134 Wn.2d 769, 777 (1989). Defendant contended that the TCPA is the parallel federal law and that the Court should look to it for guidance in interpreting the ADADA. The TCPA defines "unsolicited advertisement" as being "without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5). A call is not unsolicited if the recipient has given permission. *Id.* Persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given. 7 FCC Rcd. 8752 ¶ 31 (1992) (citing House Report, 102-317, 1st Sess., 102nd Cong. (1991), at p. 13, noting that in such instances "the called party has in essence requested the contact by providing the caller with their telephone number for use in normal business

---

[1] *See, e.g., Global Educ. Servs., Inc. v. Intuit Inc.*, No. C09-0944RSL (W.D. Wash.) (pending before this Court); *Clark v. Payless ShoeSource, Inc.*, No. 2:09-cv-00915-JCC (W.D. Wash.); *Cubbage v. The Talbots Inc.*, No. 2:09-cv-00911-BHS (W.D. Wash.); *Hartman v. Comcast Bus. Commc'ns*, No. 2:10-cv-00413-RSL (W.D. Wash.) (pending before this Court); *Spafford v. Comcast Corp.*, No. 2:10-cv-00563-RSL (W.D. Wash) (pending before this Court).

DEFENDANT'S MOTION FOR 28 U.S.C. § 1292(b) CERTIFICATION AND STAY OF PROCEEDINGS PENDING APPEAL - 7

124123.0001/1836842.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

communications"). Based on the meaning of "unsolicited" under federal law, Plaintiff's decision to give Defendant his telephone number at the point of sale excludes Defendant's calls from the state prohibition against unsolicited calls. Thus, the Plaintiff's state law claims should fail.

This court ruled, however, that the "federal and state statutes are not sufficiently similar for the Court to incorporate TCPA definitions in to the [ADADA.]" Dkt. No. 49, p. 22. The Court reasoned that the ADADA was enacted solely for consumer protection, whereas the TCPA was enacted for other purposes as well as for consumer protection. Defendant argues that the TCPA is sufficiently similar to the ADADA and is the correct guide for interpreting the ADADA. Both laws regulate the use of automatic calls and both were designed with consumer protection in mind. Because this is a difficult issue of first impression, and there is a substantial ground for differing opinions, this decision should be certified for appellate review under section 1292(b).

3.  **An Immediate Appeal of the Court's Order Will Materially Advance the Termination of this Litigation.**

"Section 1292(b) was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation of legal questions which, if decided in favor of the appellant, would end the lawsuit." *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959). Accordingly, section 1292(b) requires a finding that an immediate appeal may materially advance the litigation. *Cement*, 673 F.2d at 1026. "This factor is linked to whether an issue of law is 'controlling' in that the Court should consider the effect of a reversal by the court of appeals on the management of the case." *Ass'n of Irritated Residents*, 634 F. Supp. 2d at 1092.

Here, an immediate appeal of the Court's order will resolve the threshold and potentially case-dispositive issues of whether the TCPA preempts Plaintiff's state law claims and whether the TCPA should be used to interpret the ADADA. Interlocutory appellate

DEFENDANT'S MOTION FOR 28 U.S.C. § 1292(b)
CERTIFICATION AND STAY OF PROCEEDINGS
PENDING APPEAL - 8

124123.0001/1836842.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

review of these discrete issues now will ensure that the issues are resolved definitively *before* the parties and this Court are required to expend substantial time, effort and expense on discovery, class certification, and other phases of litigation (including a possible trial on the merits).

In other words, interlocutory appeal will ensure that tremendous resources of the parties and the Court are not wasted. Such potential savings are precisely what section 1292(b) was designed to accomplish. This potential savings is especially important here because the litigation is at an early stage where the parties have yet to engage in any class discovery or certification proceedings. Accordingly, it would be better for all parties concerned to have these matters resolved now, as opposed to some time in the distant future after proceedings will surely have consumed a significant amount of the parties' time and resources.

### B. A Stay of District Court Proceedings is Necessary to Conserve the Resources of the Parties and the Courts.

Section 1292(b) expressly contemplates that a district court certifying an order for interlocutory appellate review may stay the district court proceedings. In considering whether to issue a stay, the district court has broad authority to "promote economy of time and effort for itself, for counsel, and for litigants." *See Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972); *Ass'n of Irritated Residents*, 634 F. Supp. 2d at 1094.

A stay of district court proceedings is especially appropriate in cases, such as this one, where a reversal by the appellate court will result in dismissal or termination of the entire litigation, as denying a stay would result in a waste of resources. *See Ass'n of Irritated Residents*, 634 F. Supp. 2d at 1095; *see also Advanced Analogic Techs., Inc. v. Linear Tech. Corp.*, No. C-06-00735, 2006 WL 2850017, at *3 (N.D. Cal. Oct. 4, 2006) (staying action pending resolution of interlocutory appeal because a reversal of the district court's order will result in dismissal of plaintiff's declaratory relief cause of action as well as

DEFENDANT'S MOTION FOR 28 U.S.C. § 1292(b)
CERTIFICATION AND STAY OF PROCEEDINGS
PENDING APPEAL - 9

124123.0001/1836842.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

defendant's conditional counterclaims and thus a stay "will conserve the resources of the parties and the Court").

A stay of this Court's proceedings pending Defendant's filing of a petition for permission to appeal in the Ninth Circuit and disposition of that petition (and any appeal permitted by the appellate court) will preserve the ability of the appellate court to meaningfully review this Court's order and conserve the resources of the parties and the judicial system. Moreover, it will not unduly prejudice any party. If the appellate court denies Defendant's petition for review, the stay will be brief. If the appellate court grants Defendant's petition for review, a stay pending disposition of the permitted appeal will be all the more appropriate, as the only issue remaining in the case will be on appeal, and litigating that claim in the district court would be a waste of resources.

Further, a stay will have little downside to the named Plaintiff, whether or not this Court's order were reversed on appeal. This is a factually simple case, and it is not the type of situation in which witness availability or memory would be jeopardized if the case were stayed. Plus, at this time, no class has been certified, and there is only one Plaintiff participating in the case. The ADADA affords only money damages, set by statute at $500 per telephone call. RCW 80.36.400(3). As a result, whether or not the Plaintiff ultimately succeeds in this case, he stands to gain only minor statutory damages.

Moreover, "[t]he opportunity to achieve appellate resolution of an issue important to other similarly situated [defendants] can provide an additional reason for certification[.]" *Ass'n of Irritated Residents*, 634 F. Supp. 2d at 1093. As this Court noted during oral argument on the summary judgment motion, there are many pending cases that are substantially similar to this case (*see* footnote one above). As the Ninth Circuit has not yet ruled on this issue, appellate guidance is appropriate.

DEFENDANT'S MOTION FOR 28 U.S.C. § 1292(b)
CERTIFICATION AND STAY OF PROCEEDINGS
PENDING APPEAL - 10

124123.0001/1836842.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

## IV. CONCLUSION

An immediate appeal of the Court's order denying summary judgment on Plaintiff's state law claims will allow the parties to resolve the threshold and potentially case-dispositive issues of whether the TCPA preempts Plaintiff's state law claims and whether the Court should look to the TCPA to interpret the ADADA. Given the importance of these issues to the outcome of the litigation, the substantial ground for difference of opinion shown above, and the judicial and litigation resources that can be conserved by an immediate appeal, certification under 28 U.S.C. § 1292(b) is warranted. Moreover, these same factors support a stay of further proceedings pending the filing and disposition of a petition to appeal and the disposition of any appeal allowed by the appellate court.

LANE POWELL PC


By  /s/ Barbara J. Duffy
    Grant S. Degginger, WSBA No. 15261
    Barbara J. Duffy, WSBA No. 18885
    Attorneys for Tween Brands, Inc.

DEFENDANT'S MOTION FOR 28 U.S.C. § 1292(b)
CERTIFICATION AND STAY OF PROCEEDINGS
PENDING APPEAL - 11

124123.0001/1836842.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2010, I caused to be served a copy of the foregoing Defendant's Motion for 28 U.S.C. § 1292(b) Certification and Stay of Proceedings Pending Appeal on the following person(s) in the manner indicated below at the following addresses:

Rob John Williamson, Esq.
Williamson & Williams
187 Parfitt Way SW, Suite 250
Bainbridge Island, WA 98110-2593
Telephone: (206) 780-4447
Facsimile: (206) 780-5557
E-Mail: roblin@williamslaw.com


Kim Williams, Esq.
Williamson & Williams
187 Parfitt Way SW, Suite 250
Bainbridge Island, WA 98110-2593
Telephone: (206) 780-4447
Facsimile: (206) 780-5557
E-Mail: kim@williamslaw.com

☑ by CM/ECF
☐ by Electronic Mail
☐ by Facsimile Transmission
☐ by First Class Mail
☐ by Hand Delivery
☐ by Overnight Delivery

_/ s / Sharon R. Olson_
Sharon R. Olson

DEFENDANT'S MOTION FOR 28 U.S.C. § 1292(b)
CERTIFICATION AND STAY OF PROCEEDINGS
PENDING APPEAL - 12

124123.0001/1836842.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107