UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK HOVILA,

    Plaintiff,

v.

TWEEN BRANDS, INC.,

    Defendant.

Case No. C09-0491RSL

ORDER GRANTING DEFENDANT'S MOTION FOR 28 U.S.C. § 1292(b) CERTIFICATION

## I. INTRODUCTION

This matter comes before the Court on "Defendant's Motion for 28 U.S.C. § 1292(b) Certification and Stay of Proceedings Pending Appeal." Dkt. # 56. Tween Brands seeks leave to pursue an interlocutory appeal of the Court's April 7, 2010, order denying summary judgment. Plaintiff Hovila objects to this request.

## II. BACKGROUND

Plaintiff alleges that he received automated telephone calls from defendant in violation of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Washington Automatic Dialing and Answering Devices Act ("WADAD"), RCW 80.36.400, and the Washington Consumer Protection Act, RCW 19.86.010 *et seq.* Defendant sought summary judgment on all of plaintiff's claims, arguing that the TCPA did not bar the phone calls because defendant had an "established business relationship" with plaintiff (see 47 C.F.R. § 64.1200),

ORDER GRANTING MOTION FOR
28 U.S.C. § 1292(b) CERTIFICATION - 1

1  that plaintiff's state law claims were preempted by the TCPA, and, alternatively, that the TCPA
2  should guide the interpretation of the WADAD. Dkt. # 11. The Court granted defendant's
3  motion with respect to the TCPA claim but denied the motion with the respect to preemption and
4  the state law claims. Dkt. # 49. Defendant seeks certification of that order under 28 U.S.C.
5  § 1292(b).

### III. DISCUSSION

**A. Standard**

A district judge has discretion to certify an order for interlocutory appeal when the court concludes that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). A district court must find that all three of the statutory certification elements are met before granting leave to appeal an order that is not final. In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982). Section 1292(b) creates an exception to the final judgment rule, which the Ninth Circuit has said should be used only in "exceptional circumstances." Id.

**B.   Analysis**

A controlling question of law is presented when "resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." Id. (citing United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966)). Defendant seeks appellate resolution of two legal questions: (1) whether the TCPA preempts the WADAD; and (2) whether the TCPA should be used to interpret the WADAD. These issues are controlling questions of law. If the Court of Appeals were to reverse this Court's order on either of these two issues, the decision would have a material impact on the outcome of this litigation in that it would likely result in the dismissal of plaintiff's remaining claims. Therefore the first element for certification is satisfied.

Disagreement among district courts may indicate that there is substantial ground

ORDER GRANTING MOTION FOR
28 U.S.C. § 1292(b) CERTIFICATION - 2

1  for difference of opinion on an issue. See Oyster v. Johns-Manville Corp., 568 F. Supp. 83, 86
2  (E.D. Pa. 1983). However, "[i]t is the duty of the district judge faced with a motion for
3  certification to analyze the strength of the arguments in opposition to the challenged ruling when
4  deciding whether the issue for appeal is truly one on which there is a substantial ground for
5  dispute." Max Daetwyler Corp. v. Meyer, 575 F. Supp. 280, 283 (E.D. Pa. 1983). There may be
6  substantial ground for difference of opinion on an issue of first impression (Ass'n of Irritated
7  Residents v. Fred Schakel Dairy, 634 F. Supp. 2d 1081, 1091 (E.D. Cal. 2008) (citing
8  Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24 (2d Cir. 1990)), but the mere fact that an
9  issue of statutory interpretation is raised for the first time does not by itself create substantial
10 ground for difference of opinion (Baranski v. Serhant, 602 F. Supp. 33, 36 (N.D. Ill. 1985)).

        District courts within the Ninth Circuit have disagreed about whether the TCPA preempts state law provisions, including the WADAD. See Chamber of Commerce of the U.S. v. Lockyer, No. 2:05-CV-2257MCEKJM, 2006 WL 462482 (E.D. Cal. Feb. 27, 2006); Williams v. MCIMetro Access Transmission Servs. LLC, No. C08-82TSZ (W.D. Wash. Nov. 7, 2008); Palmer v. Sprint Nextel Corp., 674 F. Supp. 2d 1224, 1231 (W.D. Wash. 2009). Although this Court agrees with the Palmer analysis (and has found that the presumption against preemption, the express language of the TCPA savings clause, the stated objectives of the TCPA, and the absence of regulatory guidance all show that Congress did not intend to preempt state laws like the WADAD), reasonable jurists can and have disagreed. In addition, there is substantial ground for difference of opinion as to whether courts should use the federal TCPA to interpret Washington's ADAD. The Court therefore finds that there is substantial ground for difference of opinion on both of the issues raised by defendant.

        Finally, defendant argues that an interlocutory appeal of the Court's order will materially advance the termination of this litigation by resolving potentially dispositive issues before resources are devoted to discovery, class certification, and a possible trial. Motion at 8–9. The Court agrees that resolution of the two controlling issues of law in defendant's favor would

ORDER GRANTING MOTION FOR
28 U.S.C. § 1292(b) CERTIFICATION - 3

materially advance the termination of this litigation and would provide guidance in a number of pending actions.

### IV. CONCLUSION

For all of the foregoing reasons, the Court concludes that the elements justifying certification under 28 U.S.C. § 1292(b) are satisfied. The Court therefore certifies its April 7, 2010, order for interlocutory appeal. Defendant shall file its petition for appeal within twenty-one days of the date of this Order.

The above-captioned matter is hereby STAYED pending the appeal. The parties shall file a joint status report within fourteen days of the Ninth Circuit's denial of the petition for appeal or issuance of a mandate.

Dated this 10th day of June, 2010.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge