09-CV-00491-CMP

The Honorable Robert S. Lasnik

FILED ___ ENTERED
___ LODGED ___ RECEIVED

APR 25 2012

BY CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK HOVILA, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

TWEEN BRAND, INC.,

    Defendant.

NO. C09-491RSL

[PROPOSED] FINAL ORDER AND JUDGMENT

Noted for Hearing:
December 7, 2011 @ 8:30 am

    THIS MATTER has previously been considered by the Court which granted Plaintiff's Motion for Preliminary Approval of the settlement of the parties on August 10, 2011 (Dkt No. 123) Plaintiff's motion for final approval of the Settlement Agreement and entry of a final order and judgment concluding this action is now before the Court. The Court having considered the arguments of the parties, the papers submitted in support thereof, and all other matters properly before the Court, hereby ORDERS that:

    1.    Except as specifically noted below, the Court for purposes of this Order adopts the definitions set forth in the Settlement Agreement unless otherwise defined below.

    2.    The Class means:

[PROPOSED] FINAL ORDER AND
JUDGMENT - 1
(Case No. C09-491RSL)


WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

> All persons who received a pre-recorded telephone message in the State of Washington from an automatic dialing and announcing device that SmartReply transmitted or caused to be transmitted for or on behalf of Tween Brands, Inc., dba Limited Too or Justice during the period of time March 11, 2005 through and including Date of Settlement.

3. Class Members means all persons who fall within the definition of the Class and who have not timely and properly requested exclusion. A list of those persons who have timely and properly requested exclusion from the Class is appended to this Final Order and Judgment as Attachment 1.

4. This Court has jurisdiction over the subject matter of this Action and over all parties to the Settlement Agreement, including all Class Members.

5. The notices to the Class given pursuant to the Court's order of preliminary approval constituted the best notice practicable under the circumstances to all potential members of the Class, and fully complied with Fed. R. Civ. P. 23(e)(1)(B).

6. The settlement set forth in the Settlement Agreement is now hereby approved as fair, reasonable, and adequate to all parties and Class Members, pursuant to Fed. R. Civ. P. 23(e)(1).

7. All Class Members (1) are bound by this Order, (2) are forever barred from instituting, maintaining, or prosecuting any claim, demand, judgments, damages, liabilities, action or cause of action of any nature, whether known or unknown, suspected or unsuspected, contingent or non-contingent, including any and all attorneys fees, costs, expenses, disbursements and interest which they may have or ever have had against Defendant (as defined in the Settlement Agreement) arising directly or indirectly out of the facts alleged or the claims raised in this Action, including the transmission or distribution of telephone messages by means of an automatic dialing and announcing device during the period of March 11, 2005, through the Date of Settlement as defined in the Settlement Agreement and Release, including but not limited to claims under RCW 80.36.400, the Telephone Consumer Protection Act of 1991, 47

[PROPOSED] FINAL ORDER AND
JUDGMENT - 2
(Case No. C09-491RSL)



U.S.C. § 227, the Washington Consumer Protection Act, RCW 19.86 and/or similar state and federal statutes, laws, rules, and regulations, and (3) have released and discharged Defendant from any and all liability with respect to such claims, including but not limited to claims for attorneys' fees, costs, and expenses.

8. The parties stipulate to injunctive relief, and the Court hereby orders that Defendant is enjoined from violating RCW 80.36.400 through the unlawful use of automatic dialing and announcing devices to deliver unsolicited prerecorded messages to any person in the State of Washington. In the event that RCW 80.36.400 is amended in the future to allow use of automatic dialing and announcing devices to deliver unsolicited prerecorded messages, then this injunction shall be null and void and of no further effect.

9. Neither the Settlement Agreement, nor any of its terms or provisions, nor any document executed pursuant to it, nor any other act taken to negotiate or carry it out, shall be construed as or raise any presumption or inference of a concession or admission, or a waiver of any right, claim, or defense of any party to it or any Class Member, except insofar as such rights, claims, or defenses are expressly released or discharged by this Order.

10. Neither the Settlement Agreement, nor any of its terms or provisions, nor any document executed pursuant to it, nor any other act taken to negotiate it or carry it out shall be referred to, offered as evidence, or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, except in any proceeding to enforce the terms of the Settlement Agreement.

11. The Court reserves jurisdiction over the parties to the settlement, including all Class Members, for purposes of supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement.

12. The Court approves and directs that all class members, except those who chose to exclude themselves, who timely submitted a claim be mailed a Merchandise Certificate of

[PROPOSED] FINAL ORDER AND
JUDGMENT - 3
(Case No. C09-491RSL)



$45.00 or cash of $20.00, based upon their election set forth in the claim form. Any class member who submits a form which fails to clearly indicate a selection will receive a Merchandise Certificate.

13. The Court hereby approves an award of Class Counsel attorneys' fees and costs of $750,000.00 to be paid in the manner provided in the Settlement Agreement. This award is not a liability of Defendant except as provided in the Settlement Agreement.

14. The Court further hereby approves an incentive payment of $8,000 to Plaintiff Mark Hovila to be paid as provided in the Settlement Agreement. This payment is not a liability of Defendant except as provided in the Settlement Agreement.

15. This Action is hereby DISMISSED WITH PREJUDICE.

16. The Court directs the Clerk to immediately enter this Final Order and Judgment.

DATED this 25th day of April, 2012

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

[PROPOSED] FINAL ORDER AND
JUDGMENT - 4
(Case No. C09-491RSL)

WILLIAMSON
& WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

## ATTACHMENT 1

[Spreadsheet of names requesting exclusion]

[PROPOSED] FINAL ORDER AND
JUDGMENT - 5
(Case No. C09-491RSL)




## *Hovila v. Tween Brands, Inc.*
## Requests for Exclusion Received as of November 27, 2011

| Number | GCG Number | Name |
|---|---|---|
| 1 | 1005430 | RICHARD AKESSON |
| 2 | 1035150 | MARIAN SHRECK |
| 3 | 1059405 | BARBARA HULSEY |
| 4 | 1036675 | ARTURO J CASILLAS |
| 5 | 1077161 | PATTY CASILLAS |
| 6 | 1078262 | COLLEEN WUYNH |
| 7 | 1001966 | KELLY VOTAVA |
| 8 | 1046817 | DENNIS CHONG |
| 9 | 1028545 | FLOYD ROE |
| 10 | 1054232 | DORIS A HARSTON |
| 11 | 1056959 | KAREN L ERNST |
| 12 | 1048617 | SANDRA LETHERBY |
| 13 | 1028582 | DORLIS PERRY |
| 14 | 1035278 | VIRGIL G HULSEY |
| 15 | 1064621 | KAREN NAQUIN |
| 16 | 1035029 | KEN VANDERHAAK |